THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Michael A. Steinberg,

      Plaintiff,

                                            CASE NO.:

vs.

Democratic Party of Florida and
Cord Byrd, Secretary of State of Florida,

      Defendants.
_____/

**PLAINTIFF'S COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1331, 1343, 1361, and 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm faced by the Plaintiff is threatened in this judicial district and the Defendant, Democratic Party of Florida, maintains its headquarters in this district.

3. Defendant, Florida Democratic Party, is the official representative entity of the Democratic National Committee in Florida, and is responsible for, among other things, promulgating delegate selection rules for Florida for the 2024 Democratic National Convention.

4. The Defendant, Cord Byrd, Secretary of State of Florida, is the agent of the State of Florida responsible for administering elections in the State of Florida.

5. Section 103.101(2) of the Florida Statutes provides in part that by November 30, of the year preceding the presidential preference primary, each political party shall submit to the Secretary of State a list of its presidential candidates to be placed on the Presidential Preference Primary ballot or candidates entitled to have delegates to appear on the Presidential Preference Primary ballot.

6. Plaintiff, Michael A. Steinberg, is a Florida resident, a registered Democratic voter, and intends to vote in the Florida Democratic Presidential Primary election on March 19, 2024.

7. Rules of the Florida Democratic Party provides in part:

   Ballot Access

   A presidential candidate gains access to the Florida presidential preference primary ballot by the following procedure: (1) The Florida Democratic Party will prepare and approve a list of recognized Democratic presidential candidates. By November 30, 2023, the Florida Democratic Party will submit a list of its presidential candidates to the Secretary of State to be placed on the Presidential Preference Primary ballot. (2) The Secretary of State shall prepare and publish a list of names of the presidential candidates submitted no later than December 12, 2023. (3) The Department of State shall immediately notify each presidential candidate listed by the Secretary of State. Such notification shall be in writing, by registered mail, with return receipt requested. (4) There is no other procedure (i.e., filing process) by which presidential candidates gain access to the Florida Presidential Preference Primary ballot.

8. On or about November 30, 2023 the Florida Democratic Party submitted a list of its presidential candidates to the Secretary of State to be placed on the Presidential Preference Primary ballot. This list included only President Joseph Biden. Prior to November 30, 2023, Congressman Dean Phillips requested that the Defendant, Democratic Party of Florida, include his name on the list of candidates to be placed on the Florida presidential primary ballot for the Democratic Party, but the Defendant refused to include his name on the list.

9. By refusing to submit Dean Phillips' name on the list of candidates to be placed on the Florida presidential primary ballot for the Democratic Party, the Florida Democratic Party is violating the rights of the Plaintiff under the 14th Amendment of the United States Constitution.

10. Plaintiff, Michael A. Steinberg has been harmed by the decision of the Florida Democratic Party, in that he and other Democratic voters in the state of Florida, will not be able to vote for Congressman Dean Phillips, as their preference for the Democratic nominee for president.

11. In addition to the foregoing, the Democratic Delegate Selection Plan is unconstitutionally vague depriving the Plaintiff of due process of law and/or the Defendant's implemented the Democratic Selection Plan in a manner which deprived the Plaintiff of equal protection and due process. The Democratic Selection Plan is authorized by the above state statute.  The plan provides that the party will prepare and approve a list of "recognized" Democratic Presidential candidates. The Party has a non-discretionary duty to prepare and approve a list of all recognized

Democratic Presidential candidates, not just the ones they favor or choose. In the alternative, if the Florida Democratic Party asserts that they have the discretion to choose which candidates are approved to be listed on the ballot, based on being "recognized", this term is so vague and ambiguous that it unconstitutionally deprives the Plaintiffs of due process. Congressman Dean Phillips is clearly recognized by the Federal Elections Commission, the news media, and other states as a Democratic candidate for President.

12. The rules of the Florida Democratic Party do not allow the Defendant to arbitrarily deny ballot access to a candidate, regardless of voter support, and national recognition. The decision of the Florida Democratic Party to only include one candidate on the 2024 Democratic presidential primary ballot, serves no legitimate party goal.

13. While the Defendant, Florida Democratic Party, is a private organization, and may, speaking through their rules, choose to define their associational rights by limiting who can participate in any binding process, leading to the selection of their delegates to their National Convention, they may not refuse to allow ballot access to a state run presidential primary election arbitrarily

14. The Florida Democratic Party, acting under color of state law, is committing acts in violation of the 14th Amendment to the United States Constitution, in only allowing one candidate's name to appear on the 2024 Democratic presidential primary ballot, the election which will determine the number and percentage of pledged delegates assigned to each candidate for the Democratic nomination for

president, and to have delegates seated in those numbers and percentages at the National Party's national nominating convention, pursuant to party rule.

**WHEREFORE**, the Plaintiff, Michael A. Steinberg, requests that this court assume jurisdiction and enter a declaratory judgment determining the decision of the Defendants, that it would not include Congressman Dean Phillips' name on the list of approved candidates to appear on the Florida's presidential preference primary on March 19, 2024, is unconstitutional and violative of the 14th Amendment to the United States Constitution. Plaintiff further requests injunctive relief, preliminarily and permanently, as is appropriate to remedy the violations of Plaintiff's constitutional rights.

Respectfully Submitted,

s/Michael A. Steinberg
Michael A. Steinberg, Esquire
Florida Bar No.: 340065
Michael Steinberg & Associates
4925 Independence Parkway, Suite 195
Tampa, FL  33634
Telephone:    (813) 221-1300
Facsimile:    (813) 221-1702
mas@ssalawyers.com