# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEEE DIVISION

Case No. 4:23-cv-00518-AW-MAF

**Michael Steinberg**,

Plaintiff,

vs.

**Democratic Party of Florida**; and
**Cord Byrd**, Secretary of State of Florida,

Defendants.

---

## DEMOCRATIC PARTY OF FLORIDA'S MOTION TO DISMISS AMENDED COMPLAINT

---

Defendant Democratic Party of Florida (hereinafter the "**FDP**" or "**Defendant**"), through undersigned counsel, hereby move to dismiss the Amended Complaint of Plaintiff Michael Steinberg ("Plaintiff"), ECF No. 16, pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., for the reasons explained below.

## **Memorandum of Law**

Plaintiff's Amended Complaint should be dismissed with prejudice. Foremost, Plaintiff lacks standing to bring his claims.

Furthermore, this Court lacks subject matter jurisdiction over Plaintiff's claims. Finally, Plaintiff has failed to state a claim upon which relief may be granted.

## I.    Standard on Motion to Dismiss

Because this is a facial challenge, the Amended Complaint must be construed in the light most favorable to Plaintiff and all well-pleaded facts must be accepted as true. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). However, conclusory allegations need not be considered. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1313–14 (11th Cir. 2009) (where defendant asserts a facial attack on the subject-matter jurisdiction alleged in the complaint, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted).

The court must determine whether the Plaintiff has alleged "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v Iqbal*, 556 U.S. 662, 678-679 (2009). In assessing facial plausibility, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

2

not show[n]—that the pleader is entitled to relief." *Iqbal*, 566 U.S. at 679 (internal quotes omitted).

Accordingly, the court "may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts." *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021). Courts must identify and discard conclusory allegations because "their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018).

## II.   <u>Plaintiff Seeks an Improper Advisory Opinion</u>

Plaintiff seeks judicial determination on what is an intraparty dispute. That is, Plaintiff seeks to have this Court insert itself and review actions that lie in the control of a political party. Such interference into the internal processes of the FDP implicate vital rights of association guaranteed to the FDP by the Constitution.

The United States Supreme Court has noted as such when, in an action challenging the recommendations of the credentials committee of the 1972 Democratic National Convention regarding seating of delegates, it stated:

Judicial interference in this area traditionally has been approached with great caution and restraint. It has been understood since our national political parties first came into being as voluntary associations of individuals that the convention itself is the proper forum for determining intra-party disputes as to which delegates shall be seated.

*O'Brien v. Brown*, 409 U.S. 1, 4 (1972) (internal citations omitted).

The same principle applies herein. The appropriate forum to settle this dispute is within the FDP, and the FDP's rules and bylaws provide a mechanism for such challenges.

Here, the allegations in the Amended Complaint focus on alleged violations of political party rules, parliamentary procedures, and the Delegate Selection Plan in connection with the FDP's October 29 State Executive Committee Meeting. *See* Am. Compl. ¶ 14 ("The Plaintiff believes…that the process the Democratic Party of Florida used in selecting which candidates' names would be provided to the Secretary of State…did not comport with its own delegate selection plan…."); *Id.* at ¶ 15 ("The Plaintiff posits that the process utilized by the Democratic Party of Florida was tantamount to a mini-election…."; *Id.* at ¶ 19 ("The rules of the Florida Democratic Party do not allow the Defendant to arbitrarily deny ballot access to a

candidate….”). Such a dispute should be determined by the party itself.

Plaintiff has sought to circumvent the internal political party dispute resolution procedures by filing this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendant respectfully argues that because the appropriate avenue for resolution of this dispute is an internal process, the Amended Complaint is not cognizable by the courts. As such, declaring the rights, duties and obligations of the parties in this context would be tantamount to issuing an advisory opinion, which is outside the jurisdiction of courts under the Declaratory Judgment Act. *See Gaffney v. Desantis*, No. 4:21-CV-00471-MW-MAF, 2022 WL 1126063, at *4 (N.D. Fla. Feb. 14, 2022), report and recommendation adopted, No. 4:21CV471-MW/MAF, 2022 WL 1125907 (N.D. Fla. Apr. 15, 2022) (“The DJA empowers a federal district court to issue a declaratory judgment. This excludes advisory decrees.”); *see also Restoration Assoc. of Florida, Inc., v. Brown*, No. 4:21-CV-263-AW-MAF, 2022 WL 1279692, at *2 (N.D. Fla. Jan. 10, 2022) (“Plaintiffs may reasonably want answers, but ‘federal courts do not issue advisory opinions.’”) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021)).

Here, an internal disagreement over the application of the FDP's rules and procedures does not create a justiciable controversy. As such, any opinion rendered by this Court would be merely advisory as to how the parties' rights should be determined in the internal resolution procedures, and therefore outside the bounds of the Declaratory Judgment Act. Thus, the Amended Complaint should be dismissed with prejudice.

### III.   Plaintiff Lacks Standing to Bring His Claims

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies," and "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In fact, the standing inquiry "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders or Wildlife*, 504 U.S. 555, 560 (1992).

The issue of standing is a "threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F. 3d 964, 974 (11th Cir. 2005). Seeking relief under the Declaratory Judgment Act does not relieve a plaintiff "of the burden of satisfying the

prerequisites for standing, since 'a declaratory judgment may only be issued in the case of an actual controversy.'" *DiMaio v. Democratic Nat. Committee*, 520 F. 3d 1299, 1301 (11th Cir. 2008) (quoting *Emory v. Peeler*, 756 F. 2d 1547, 1552 (11th Cir. 1985)); *see also Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) ("As a preliminary matter, we note that appellee has brought this action under the Declaratory Judgment Act, which does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.").

The United States Supreme Court in *Lujan* held that to invoke the subject matter jurisdiction of a federal court, a plaintiff must satisfy three constitutional prerequisites of standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560–61 (internal citations, quotations, brackets, and ellipses omitted).

To put another way, in order to demonstrate Article III standing, "a plaintiff must show that the conduct of which he complains has caused him to suffer an injury in fact that a favorable judgment will redress." *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty.*, 450 F. 3d 1295, 1304 (11th Cir. 2006).

Here, Plaintiff has not satisfied the elements required to prove standing, and therefore the Amended Complaint must be dismissed.

A. <u>*Submission of Candidates*</u>

Plaintiff has not suffered an invasion of any legally protected interest that is concrete and particularized and actual or imminent. Plaintiff asserts that the FDP has violated his rights under either the First or Fourteenth Amendments of the United States Constitution by failing to submit Marianne Williamson's, Dean Phillips' or Cenk Uygur's names on the list of candidates to be placed on the Florida presidential primary ballot for the Democratic Party, a decision that has harmed Plaintiff, and similarly situated Democratic voters, as he will be unable to vote for either Congressman Dean Phillips, Marianne Williamson, or Cenk Uygur as his preference for the

Democratic nominee for president. *See* Am. Compl. ¶ 18. These allegations are conclusory and this Court need not hold them to be true.

In fact, Plaintiff has not identified the invasion of any cognizable legal protection to vote for Congressman Phillips, Ms. Williamson, or Mr. Uygur as his preference for the Democratic nominee for President. Plaintiff merely makes a conclusory allegation that the FDP "is violating the rights of the Plaintiff under the 1st and 14th Amendment of the United States Constitution." *See* Am. Compl. ¶ 17. Plaintiff provides no basis in law for the notion that he has an absolute right to vote for Congressman Phillips, Ms. Williamson, or Mr. Uygur as his preference for the Democratic nominee for President.

Importantly, the FDP does not exercise any power conferred or delegated by the State of Florida. The FDP is not a governmental entity, but a private party, as Plaintiff himself admits. *See* Am. Compl. ¶ 20 ("While the Defendant, Florida Democratic Party, is a private organization...."). The Fourteenth Amendment, by its very language, applies only to governmental action. *See* U.S. Const. amend. XIV ("[N]or shall any State deprive any person of life, liberty,

or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."). Similarly, a violation of the First Amendment likewise requires state action. *See Caro, v. Max Mathews Rental*, No. 3:23CV6666-MCR-HTC, 2023 WL 8283648, at *3 (N.D. Fla. July 20, 2023), report and recommendation adopted sub nom. Caro v. Max Mathews Rental, No. 3:23-CV-6666-MCR-HTC, 2023 WL 8281692 (N.D. Fla. Nov. 30, 2023) ("As the Court has previously advised Plaintiffs, absent allegations Defendants engaged in some state action, they are not subject to liability under the First Amendment."); *see also Lovell v. City of Griffin, Ga.*, 303 U.S. 444, 450 (1938) ("Freedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action.").

In fact, the United States Supreme Court has made clear that "[b]ecause the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, (1982). Plaintiff has not provided any independent constitutional or

statutory basis to apply the constitutional protections of the Fourteenth Amendment to the FDP as a private party. Thus, it is clear at the outset that Plaintiff has not alleged an invasion of a *legally protected* interest.

Concerning the submission of candidates for primary ballots, Florida law only requires that, by November 30 of the year preceding the presidential preference primary, each political party "submit to the Secretary of State a list of its presidential candidates to be placed on the presidential preference primary ballot or candidates entitled to have delegates appear on the presidential preference primary ballot." *See* Fla. Stat. § 103.101(2).

Political parties have the constitutional right to manage and conduct their own internal affairs when selecting presidential nominees. *See California Democratic Party v. Jones*, 530 U.S. 567, 572–732 (2000) ("What we have not held, however, is that the processes by which political parties select their nominees are, as respondents would have it, wholly public affairs that States may regulate freely. To the contrary, we have continually stressed that when States regulate parties' internal processes they must act within limits imposed by the Constitution."). Because Plaintiff has not, and

cannot, identify any invasion of a legally protected interest to vote for either Congressman Dean Phillips, Marrianne Williamson, or Cenk Uygur as the Democratic nominee in the upcoming presidential preference primary election, Plaintiff does not have standing to bring his claims.

Moreover, even if the Plaintiff identified such invasion of a legally protected interest, such an injury could not be redressed by a favorable decision. Again, as noted, the FDP has a protected constitutional right to manage its internal affairs, determine and follow its Democratic Delegate Selection Plan, and choose with whom to associate. *See Democratic Party v. Wisconsin ex rel. LaFollette*, 450 U.S. 107, 122 n. 22 (1981) ("Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.") (quoting L. Tribe, American Constitutional Law 791 (1978)).

Furthermore, and notably, while the right to vote is a fundamental right, *see Harper v. Virginia Board of Elections*, 383 U.S. 663 (1966), the absolute right to vote is not implicated in this case. The alleged right infringed upon is not the right to vote in general,

but the right to vote for a particular candidate in the Democratic presidential primary. Notably, Plaintiff does not claim that the FDP has deprived Plaintiff of any right to vote for Congressman Phillips, Ms. Williamson, or Mr. Uygur as an independent candidate, the candidate of a third party, or as a write-in candidate in the general election.

### B. Democratic Delegate Selection Plan

Similar to the failures of Plaintiff to allege the invasion of a legally protected interest concerning the submission of candidates, Plaintiff has failed to allege any such concrete and particularized harm as relating to his claims concerning the Democratic Delegate Selection Plan (the "Plan").

As noted above, Plaintiff has not provided any independent constitutional or statutory basis to apply the constitutional protections of the First or Fourteenth Amendments to the FDP as a private party. Furthermore, as earlier discussed, Plaintiff has not adequately alleged the FDP's implementation of the Plan deprived Plaintiff of equal protection.

Plaintiff asserts in entirely conclusory fashion that "Plaintiff believes, and therefore alleges, that the process the Democratic Party

of Florida used in selecting which candidates' names would be provided to the Secretary of State, for inclusion on the Democratic presidential preference primary ballot, did not comport with its own delegate selection plan...." Am. Compl. ¶ 14. Plaintiff thereafter alleges what he believes the FDP should have done, that is, "the party should have only considered whether a candidate was a recognized Democratic candidate for President, regardless of whether the candidate had any support from the members of the Democratic Executive Committee." *Id.* at ¶ 15. But Plaintiff does not identify an injury to any legally protected interest. Again, he attempts to use this Court to determine the outcome of an internal political party decision with which he disagrees, not a legally protected interest.

It is clear, then, that concerning the allegations related to the Plan, Plaintiff has not alleged "an invasion of a legally protected interest" as required to have standing under *Lujan*. Plaintiff has failed to assert any actual or real controversy with the FDP, and Plaintiff's claims must be dismissed.

## IV.   Plaintiff has Failed to State a Claim

Even assuming *arguendo* that Plaintiff has satisfied Article III's justiciability requirements – which he has not – Plaintiff has failed to

14

state a claim upon which relief can be granted because the FDP did not exercise any state action.

Plaintiff asserts that FDP has violated his rights under the First and Fourteenth Amendments. However, because there is no colorable argument that the FDP has undertaken any "state action," Plaintiff has failed to state a claim upon which relief may be granted.

As noted earlier, "[b]ecause the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *See Lugar*, 457 U.S. at 924. Violations of the First Amendment likewise require state action. *See Caro, v. Max Mathews Rental*, No. 3:23CV6666-MCR-HTC, 2023 WL 8283648, at *3 (N.D. Fla. July 20, 2023)

To determine whether a private party has exercised state action, thus implicating Constitutional protections, the United States Supreme Court has created a two-prong test, whereby "the first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority" and the "second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as 'state actors.'" *Id.* at 939.

Here, neither test is met such as to categorize the FDP's conduct as state action. As Plaintiff himself admits, the FDP is a private party. *See* Am. Compl. ¶ 20. At no point in determining the process by which the FDP selects candidates to be submitted to the Florida Secretary of State to be placed on the presidential preference primary ballot is the FDP exercising powers conferred or delegated to it by the State of Florida. Likewise, at no point during the FDP's actual candidate selection process is the FDP exercising powers conferred or delegated to it by the State of Florida. The State of Florida plays no role in the nomination and selection process of such candidates.

That is to say, Florida's primary candidate submission scheme does not confer on the State itself the power to choose who may or may not be primary candidates. In fact, in Florida, the State's role is ministerial whereby the "Secretary of State **shall** prepare and publish a list of the names of the presidential candidates submitted...." Fla. Stat. § 103.101(2) (emphasis added). Moreover, the FDP is not a creature of state statute, in as much as the FDP was not created by virtue of state statutes and exists outside of state statute. And while the FDP and the State Executive Committee are regulated by the State under Section 103.091, Florida Statutes, "state regulation is

insufficient to convert private action into state action." *Delgado v. Smith*, 861 F.2d 1489, 1496 (11th Cir. 1988) (quoting *Montero v. Meyer*, 861 F.2d 603 (10th Cir. 1988)); *see also Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010) ("State action is not established merely because a private entity receives government funding or is subject to extensive government regulation.").

While the State of Florida requires the FDP to adopt by rule a Delegate Selection Plan, the source of the authority for the FDP to select its presidential primary candidates is ultimately its own right to choose with whom to associate and manage its internal affairs. *See Democratic Party v. Wisconsin ex rel. LaFollette*, 450 U.S. 107, 122 n. 22 (1981) ("Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.").

It is therefore clear that the claimed deprivation has not resulted from the exercise of a right or privilege having its source in state authority, and further, that the FDP is not appropriately characterized as a "state actor." Thus, the FDP cannot violate the

either the First or Fourteenth Amendment rights of Plaintiff under the conduct as alleged in the Amended Complaint.

As no conduct alleged may be characterized as "state action," Plaintiff has not adequately alleged a violation of the First or Fourteenth Amendments. Plaintiff has therefore failed to state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully submitted by:

Mark Herron, Esq.
Florida Bar No.: 0199737
Email: mherron@lawfla.com
Patrick Scott O'Bryant
Florida Bar No. 1011566
Email: pobryant@lawfla.com
MESSER, CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, Florida 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359

*Attorneys for the FDP*

## Local Rule 7.1 Certificate

I HEREBY CERTIFY that the foregoing memorandum contains 3297 words, excluding those items set forth in Local Rule 7.1(F).

## Certificate of Service

I HEREBY CERTIFY that on this 5th day January 2024, a true and correct copy of this document was electronically filed with the Clerk of Court through the CM/ECF filing system, which provides notice to all counsel of record.

Mark Herron, Esq