THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Michael A. Steinberg,

    Plaintiff,

              CASE NO.: 4:23-cv-518-AW-MAF

vs.

Democratic Party of Florida and
Cord Byrd, Secretary of State of Florida,

    Defendants.
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

The Plaintiff responds to the Defendant's motion to dismiss as follows:

### I. STANDING

The Defendant posits that the Plaintiff lacks standing to bring this action. The Defendant sets forth boiler plate language as to what a Plaintiff must satisfy to have standing. The plaintiff does not take issue with the requirements. However, he posits that he has met all of the requirements to have standing.

In <u>Bachur v. Democratic Nat. Party</u> 836 F.2d 837 (4th Cir. 1987), the court held that a voter had standing to invoke the power of a federal court on his own behalf. It upheld the lower court's determination that he had standing, although they reversed the lower court's decision on other grounds. The lower court stated:

It appears beyond peradventure that Plaintiff has standing as a voter, and on behalf of the candidates for delegates, to assert all the claims, he raised in this suit." <u>Bachur v. Democratic Nat. Party</u>, 666 F. Supp. 763 (D. Md. 1987)

The lower court also cited the case of <u>Anderson v. Celebrezze</u> 460 U.S. 780, 786, 103 S. Ct. 1564, 1568, 75 L. Ed. 2d 547 (1983) for the proposition that the Plaintiff could assert the claims of the candidates, and noted several decisions that have found voters standing on behalf of a candidate, against whom an impermissible rule directly operates. operates.

The Defendant argues that the Plaintiff has not suffered an invasion of any legally protected interest that is concrete and particularized and actual or imminent. Defendant cites no

caselaw to back its position, and in fact it ignores the decision of the 11 Circuit in the cases of Duke v. Smith, 13 F.3d 388 (11th Cir. 1994). and Duke v. Massey 87 F.3d 1226 (11th Cir. 1996). The Plaintiff has certainly shown the direct and palpable injury that is required by the courts, because he is unable to vote for the Democratic presidential candidate of his choice.

## II.   STATE ACTION

The United States Supreme Court has held that a political party is inextricably intertwined with state action in selecting candidates to run for nomination in the official Democratic primary, even if the association's elections were not governed by state laws and did not utilize state, elective, machinery, or funds. Terry V Adams, 345 U. S. 461 (1953),

It is doubtful the defendant Could or would argue that if it determined at the state executive committee meeting on October 29, 2023, that only white candidates or male

candidates or Christian candidates could appear on the ballot, and therefore, only Joe Biden met that criteria, their actions could be defended by asserting that it was protected by first amendment right of association, and that those actions did not constitute state action. Therefore, if the party is engaged in action, which would be considered state action under those circumstances and a candidate, or voter, would be protected under the first and 14th amendments to the constitution under those circumstances, then there is no question that in this case, the Defendant engaged in state action. The only legitimate question is whether the rules of the state party were constitutional and whether they were applied in a constitutional manner.

The Defendant posits, that the Plaintiff is not deprived of the right to vote for Congressman Phillips, Ms. Williamson, or Mr. Uygur, as independent candidates, or candidates of a third-party, or as a write-in candidate in the general election. This argument is immaterial. The black voters in Texas could have voted for Republican candidates or independent candidates in <u>Smith v. Allright, Id,</u>. or <u>Terry v. Adams, Id</u>.

4

The Defendant is well aware that, for all practical purposes, the next President is either going to be a Democratic President or Republican President. The plaintiff is a Democrat and intends to vote for the Democratic nominee. All of the candidates whom he wishes to be on the ballot are nationally recognized, and acknowledged Democratic candidates for President of the United States.

### III. THE DEMOCRATIC DELEGATE SELECTION PLAN IS UNCONSTITUTIONAL ON ITS FACE.

As the court, in the case of Kay v. Mills 490 F. Supp. 844 (E.D. Ky. 1980) held, a state (and an entity operating under color of state law) cannot impose limitations on access to the ballot, which constitutes a denial of equal protection, or due process of law in contravention of the 14th amendment to the constitution of the United States. If a statute or rule is unduly vague, it deprives, a court of the ability to review, potentially arbitrary or discriminatory decisions of public officials, and is one of the principal reasons for the void for vagueness doctrine.

A statute may be found void for vagueness if a reasonable person must necessarily guess at its meaning. In both <u>Duke v. Connell</u>, 790 F. Supp. 50 (D.R.I. 1992) and <u>Kay v. Mills</u> 490 F. Supp. 844 (E.D. Ky. 1980), the courts held that a rule which used language such as nationally recognized, was void for vagueness. It distinguished between language, which was upheld, which included "individuals generally advocated by the national news media to be potential presidential candidates."

The Florida Democratic delegate selection plan used even more vague language than was used in both <u>Duke v. Connell</u>, 790 F. Supp. 50 (D.R.I. 1992) and <u>Kay v. Mills</u> 490 F. Supp. 844 (E.D. Ky. 1980). The language in the Florida plan was "recognized"

As the court asked in <u>Kay v. Mills</u>, Id., can a reviewing court, say that the Florida Democratic Party was wrong, or that the Plaintiff was wrong, in determining who was a "recognized" candidate", when that term is so vague?

The Defendant suggests that the appropriate forum to settle this dispute, is with the Florida Democratic Party and

the Florida Democratic Party's rules and bylaws provide a mechanism for such challenges.

This is not true when a voter is positing that the rules of the party and the actions of the party violate his constitutional rights under the 1st and 14th amendments. It is absolutely the purview of the courts to make this determination.

This is not to say that the party must put every recognized candidate's name on the ballot who happens to register as a Democrat. In the case of <u>Duke v. Massey</u>, members of the Republican Party, wanted to exclude Duke from the presidential primary ballot based on his political beliefs and speech that were inconsistent with the Republican Party's principles. The court explained that, although Duke was correct in identifying his 1st and 14th amendment interest, those interest do not trump the Republican Party's right to identify its membership based on political beliefs, nor the state's interest in protecting the Republican Party's right to define itself.

If, in this case, the Democratic Executive Committee determined that Congressman Phillips, Ms. Williamson, or Mr. Uygur, had political beliefs and speech that were inconsistent with the Democratic Party's. principles, the Plaintiff would agree that the party would have the right to exclude these candidates. However, this is not the case.  Each of these candidates are loyal Democrats, whose beliefs and speech are questionably consistent with the political beliefs of the Democratic Party and the Defendant did not, and cannot assert otherwise.

For the foregoing reasons, Defendant's motion to dismiss should be denied.

>                             Respectfully Submitted,
>
>                             s/Michael A. Steinberg
>                             Michael A. Steinberg, Esquire
>                             Florida Bar No.: 340065
>                             4925 Independence Parkway, Ste.195
>                             Tampa, FL  33634
>                             Telephone:  (813) 221-1300
>                             Facsimile:  (813) 221-1702
>                             mas@ssalawyers.com