IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL A. STEINBERG,

    Plaintiff,

v.                                      Case No. 4:23-cv-518-AW-MAF

DEMOCRATIC PARTY OF FLORIDA
and CORD BYRD, SECRETARY OF
STATE OF FLORIDA,

    Defendants.

_____/

## ORDER DENYING PRELIMINARY INJUNCTION MOTION

This March, Florida will hold its presidential preference primary. But voters belonging to the Democratic Party of Florida will have no choice. That is because under Florida law, it is up to each political party to select candidates for placement on the primary ballot, and the Democratic Party of Florida selected only one candidate: incumbent President Joseph Biden. Plaintiff Michael Steinberg contends this violates the constitutional rights of those, like him, who wish to vote for another candidate in the Democratic primary.

Steinberg, an attorney representing himself, sued the Democratic Party of Florida (FDP) and Florida's Secretary of State. ECF No. 16. He seeks a preliminary injunction requiring the Secretary to place three other names on the Democratic presidential primary ballot. ECF No. 17 at 18. The Defendants responded in

1

opposition, and the court held a nonevidentiary hearing.[1] Having carefully considered the record and the parties' arguments, the court now denies the motion.

## I.

The basic facts are undisputed. Through an internal process, the FDP decided to include only President Biden in the primary. It certified its decision to the Secretary, who passed the information along to the 67 Florida Supervisors of Election responsible for preparing the primary ballots.

This process is consistent with Florida law. Under the Florida Election Code, it is up to the parties—and not the state—to determine which candidates will appear on the primary ballot. "By November 30 of the year preceding the presidential preference primary, each political party shall submit to the Secretary of State a list of its presidential candidates to be placed on the presidential preference primary ballot or candidates entitled to have delegates appear on the presidential preference primary ballot." Fla. Stat. § 103.101(2). Then, by early December, the Secretary "shall prepare and publish a list of the names of the presidential candidates submitted." *Id.* The Secretary must also "certify to each supervisor of elections the name of each candidate for political party nomination to be printed on the ballot." *Id.* § 103.101(3). That more or less ends the Secretary's role in this process.

---

[1] At a December 18, 2023 telephonic hearing, all parties disclaimed the need for an evidentiary hearing, and I determined none was necessary.

2

Steinberg is a registered voter and a member of the Democratic Party of Florida. He has voted regularly in Florida primary elections, and he seeks the opportunity to vote for a primary candidate other than President Biden—either Marianne Williamson, Dean Phillips, or Cenk Uygur, each of whom has announced a campaign for the Democratic nomination for President. But he will have no such opportunity. When, as here, a party submits only one candidate, that candidate is deemed the winner, and there is no primary election. *See* Fla. Stat. § 103.101(4); *see also* ECF No. 26 at 2; ECF No. 26-2. Thus, Steinberg seeks an injunction ordering the Secretary to include those other candidates on the ballot.

## II.

This court can grant the requested preliminary injunction only if Steinberg shows four factors: (1) "a substantial likelihood of success on the merits"; (2) irreparable injury that he will suffer absent an injunction; (3) that the threatened injury he faces outweighs harm the injunction could cause Defendants; and (4) that "the injunction would not be adverse to the public interest." *ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction is an extraordinary and drastic remedy," and the court may not grant one unless Steinberg clearly establishes all four factors. *Id.*; *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) ("[W]e must remember that granting a

preliminary injunction is the exception rather than the rule."). "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits." *ACLU,* 557 F.3d at 1198. That is where Steinberg falls short: he has not clearly established a substantial likelihood of success on the merits. Therefore, I must deny the motion, and I need not address the remaining factors.

### III.

Steinberg does not have to show with certainty that he would prevail on the merits, but he must show that it is "*likely* or probable." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). There are at least two independent ways he has failed to do so. First, he has not shown that his asserted injury—the absence of other candidates on the ballot—is redressable by an injunction against the present Defendants. This means he has not shown a likelihood that he has standing to pursue his claims. Second, he has not shown a likelihood that there is a constitutional violation at all because the decision at issue was the FDP's decision to certify only one candidate, and the FDP is not a state actor.

### A.

Federal courts have limited jurisdiction, and one important limitation is the doctrine of standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992). Standing is an "indispensable" part of every plaintiff's case. *Id.* at 561. Unless

Steinberg can show a likelihood that he will ultimately prove standing, he cannot show a likelihood of success on the merits. *See Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015) ("[A] party who seeks a preliminary injunction must show a substantial likelihood of standing. A party who fails to show a substantial likelihood of standing is not entitled to a preliminary injunction." (marks and citation omitted)).

To have standing, Steinberg must have "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan*). Here, Steinberg's asserted injury is his inability to vote for other candidates. Even assuming traceability (although it appears unlikely that the injury is traceable to the Secretary) Steinberg has not shown redressability. Under Florida law, Florida's 67 independent Supervisors of Election prepare the ballots. *Jacobson*, 974 F.3d at 1253. All the Secretary does is certify the names for inclusion on the ballot. And he must do that by November 30, which he has already done. Even if the court ordered the Secretary to "update" the certification, Steinberg has not shown it is likely that—some six weeks after the deadline and shortly before ballots are due to be sent out, *see* ECF No. 26 at 3-4—the Supervisors would make last-minute changes. This court's injunction or declaratory judgment, after all, would not bind the Supervisors. *Jacobson*, 974 F.3d at 1254.

5

The bottom line is this: The Secretary certified the only candidate the FDP provided, and the Secretary did that on the statutory deadline. The matter of what names appear on the ballot is thus now beyond the Secretary's control. It is likewise beyond the FDP's control, as the FDP (like the Secretary) cannot control what the Supervisors do now. Steinberg has not shown otherwise; he has thus not shown that any injunction or declaratory judgment against these parties would remedy his asserted harm. That means he has not shown it likely that he has standing, so he has not shown a substantial likelihood of success on the merits.

**B.**

Steinberg has not shown a substantial likelihood of success on the merits for a separate, independent reason: he has not shown that the FDP is a state actor subject to the constitutional claim he asserts, and his claim against the Secretary is derivative of his claim against the FDP. "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982).[2]

---

[2] This concept applies to Steinberg's First Amendment claim too, because the First Amendment is applicable to the States only through the Fourteenth Amendment. *See Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 750 n.1 (1976). Also, Steinberg sues under § 1983, which provides a private cause of action for constitutional violations taken "under color of" state law. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar*, 457 U.S. at 937).

Steinberg therefore insists that when the FDP certified only one candidate, it was undertaking "state action." But he has not shown this to be so. As an independent political party, the FDP acts on its own behalf when it determines which candidates to present in the primary—it does not act as the State.

Steinberg's motion cited two cases for the proposition that "[t]he parties' actions are so inextricably intertwined with the state funded election process that this Court should have no difficulty finding that the requisite state action exists." ECF No. 17 at 11. But the cases are easily distinguishable. In *Duke v. Cleland*, the Eleventh Circuit concluded that the decision removing David Duke from Georgia's primary ballot constituted state action. 5 F.3d 1399 (11th Cir. 1993). But the relevant law in Georgia was quite different from Florida's current system. In Georgia, there was a committee—"a creature of state law"—that made the decision. *Id.* at 1403. "The statute represent[ed] a scheme whereby the state confer[ed] largely upon itself the raw power to choose who may or may not be party primary candidates." *Id.* Under Georgia's regime, unlike under Florida's law, "[t]he parties themselves [did] not select their primary candidates or retain ultimate responsibility for choosing those it seeks for representation." *Id.* at 1404. The Eleventh Circuit had no difficulty concluding under those circumstances that "the Committee's power constitutes 'state action' within the meaning of the Fourteenth Amendment." *Id*.

Steinberg's motion also cited *Belluso v. Poythress*, 485 F. Supp. 904 (N.D. Ga. 1980), but that case likewise addressed Georgia's selection committee and is similarly unhelpful.[3]

At the hearing, Steinberg cited additional cases that he contends support his position: *Smith v. Allwright*, 321 U.S. 649 (1944), and *Terry v. Adams*, 345 U.S. 461 (1953).[4] Neither helps him. In *Allwright*, the Court "invalidated the Texas Democratic Party's rule limiting participation in its primary to whites; in *Terry*, [it]

---

[3] Florida once had a similar state selection committee, but the Eleventh Circuit concluded the statute establishing it was unconstitutional. *Duke v. Smith*, 13 F.3d 388, 393 (11th Cir. 1994). Under Florida's old law, the political parties submitted their candidates to the Secretary, just as they do now. *See id.* at 390 n.2 (reproducing old statute). But then the Secretary submitted the names to the state-created selection committee, which could *remove* names. *Id.* (The Legislature has since amended the statute to its current form, eliminating the selection committee altogether.) Under the old statute, any removed candidate could seek the committee's reconsideration. *Id.* The Eleventh Circuit found a constitutional violation based on "the Committee's unfettered discretion to exclude candidates who have petitioned for reconsideration." *Id.* at 395.

Notably, the Eleventh Circuit said it would "not consider the procedures that the respective political parties employed in determining which candidates to submit under subsection (2)(a) because at that stage of the process, the autonomous political parties' First Amendment rights takes their motivation for exclusion (or inclusion) outside the ambit of state control." *Id.* at 391 n.3 (citing *Democratic Party v. Wisconsin*, 450 U.S. 107, 123-24 (1981); *Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973)).

[4] Steinberg also referred at the hearing to *Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996), a case holding that a political party's decision to extract registration fees from voters was subject to preclearance under § 5 of the Voting Rights Act. He did not develop any argument as to its applicability here, and, at any rate, it does not support his argument that the FDP's candidate selection constituted state action.

8

invalidated the same rule promulgated by the Jaybird Democratic Association, a 'self-governing voluntary club.'" *Cal. Democratic Party v. Jones*, 530 U.S. 567, 573 (2000). The Supreme Court has made clear that "[t]hese cases held only that, when a State prescribes an election process that gives a special role to political parties, it 'endorses, adopts and enforces'" the racial discrimination practices the parties "bring into the process—so that the parties' discriminatory action becomes state action under the Fifteenth Amendment." *Id.* The Court also made clear that these cases "do not stand for the proposition that party affairs are public affairs." *Id.*; *see also Wymbs v. Republican State Exec. Comm. of Fla.*, 719 F.2d 1072, 1073 (11th Cir. 1983) ("In the earlier fifteenth amendment cases, involving white-only primaries or other disenfranchisement of blacks, the courts freely found the conduct of political parties and groups to constitute state action. But recently, courts have hesitated to find state action when, as in this case, racial discrimination is not involved." (footnote omitted) (referring to *Allwright* and *Terry*)); *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 201 (3d Cir. 2009) (distinguishing *Allwright* and *Terry* and noting that they do not support a "blanket assertion [] that political parties are state actors during primary elections").[5]

---

[5] Steinberg's state-action argument is further undermined by the fact that his requested relief would interfere with the FDP's First Amendment freedom to govern its own affairs and choose its own representatives. "Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of

At bottom, Steinberg has not shown it substantially likely that the FDP's decision constituted state action. The Secretary, of course, is a state actor. But Steinberg has not shown a substantial likelihood of success on the merits against the Secretary either. He presents no allegation that the Secretary was constitutionally obligated to certify names the FDP did not include—or that the Secretary otherwise did anything unconstitutional. His claim against the Secretary is entirely derivative of his claim against the FDP.

The amended preliminary injunction motion (ECF No. 17) is DENIED.

SO ORDERED on January 12, 2024.

                                                 s/ *Allen Winsor*
                                                 United States District Judge

---

federal law and federal judicial power." *Lugar,* 457 U.S. at 936; *cf. Jones*, 530 U.S. at 573 ("[W]e have continually stressed that when States regulate parties' internal processes they must act within limits imposed by the Constitution."). Supreme Court "cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party selects a standard bearer who best represents the party's ideologies and preferences." *Jones*, 530 U.S. at 575 (alterations and citation omitted).